UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MILTON DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF SAN BERNARDINO, et al., <br><br> Defendants. | Case No. EDCV 18-1325 JFW(JC) <br><br><br> ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. BACKGROUND AND SUMMARY

On June 20, 2018, plaintiff Paul Milton Davis, Jr., a prisoner who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee ("IFP"), formally filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 ("Section 1983") against the County of San Bernardino (the "County") and Dr. Brian Jarman based upon the alleged failure of such defendants to provide plaintiff with phisoderm bodywash for a medical skin condition when he was housed at the West Valley Detention Center ("WVDC"). (Comp. at 1-3, 5). Plaintiff sues defendant Jarman in his official capacity only, and seeks injunctive and monetary relief. (Comp. at 6).

///

As the Complaint is deficient in multiple respects, including those detailed below, it is dismissed with leave to amend.

## II. COMPLAINT

Construed liberally, the Complaint appears to allege the following essential facts:

On February 28, 2017, defendant Dr. Jarman prescribed plaintiff phisoderm – a medical body wash – for a medical problem plaintiff has with his skin. (Comp. at 5). Plaintiff has never received the prescribed phisoderm. (Comp. at 5). A nurse (not a defendant) told plaintiff that such medication had already been given to plaintiff on March 1, 2017, but plaintiff has not received it and "they" won't give it to him. (Comp. at 5).

Although plaintiff identifies no federal constitutional provision, the Court liberally construes the Complaint to attempt to state a Section 1983 claim predicated upon a violation of the Eighth Amendment.

## III. PERTINENT LEGAL STANDARDS

### A. The Screening Requirement

As plaintiff is a prisoner proceeding IFP on a civil rights complaint against governmental defendants, the Court must screen the Complaint, and is required to dismiss the case at any time it concludes the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c); Byrd v. Phoenix Police Department, 885 F.3d 639, 641 (9th Cir. 2018) (citations omitted).

When screening a complaint to determine whether it states a Section 1983 claim that is viable (*i.e.*, capable of succeeding), the Court applies the same standard as it would when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted). Rule 12(b)(6), in turn, is read in conjunction with Rule 8(a) of

the Federal Rules of Civil Procedure. Zixiang Li v. Kerry, 710 F.3d 995, 998-99 (9th Cir. 2013). Under Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, at a minimum a complaint must allege enough specific facts to provide *both* "fair notice" of the particular claim being asserted *and* "the grounds upon which [that claim] rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 & n.3 (2007) (citation and quotation marks omitted); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (Rule 8 pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citing id. at 555). In addition, under Rule 10 of the Federal Rules of Civil Procedure, a complaint, must (1) state the names of "all the parties" in the caption; (2) state a party's claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances"; and (3) where "doing so would promote clarity," state "each claim founded on a separate transaction or occurrence . . . in a separate count. . . ." Fed. R. Civ. P. 10(a), (b).

To avoid dismissal on screening, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Byrd, 885 F.3d at 642 (citations omitted); see also Johnson v. City of Shelby, Mississippi, 135 S. Ct. 346, 347 (2014) (per curiam) (Twombly and Iqbal instruct that plaintiff "must plead facts sufficient to show that [plaintiff's] claim has substantive plausibility"). A claim is "plausible" when the facts alleged in the complaint would support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Iqbal, 556 U.S. at 678 (citation omitted); see also Gauvin v. Trombatore, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988) (complaint "must allege the basis of [plaintiff's] claim against *each* defendant" to satisfy Rule 8 pleading requirements) (emphasis added); Chappell v. Newbarth, 2009 WL 1211372, *3 (E.D. Cal. May 1, 2009) ("[A] complaint must put each defendant on

notice of Plaintiff's claims against him or her, and their factual basis.") (citing Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004)). Allegations that are "merely consistent with" a defendant's liability, or reflect only "the mere possibility of misconduct" do not "show[] that the pleader is entitled to relief" (as required by Fed. R. Civ. P. 8(a)(2)), and thus are insufficient to state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678-79 (citations and quotation marks omitted).

At this preliminary stage, "well-pleaded factual allegations" in a complaint are assumed true, while "[t]hreadbare recitals of the elements of a cause of action" and "legal conclusion[s] couched as a factual allegation" are not. Id. (citation and quotation marks omitted); Jackson v. Barnes, 749 F.3d 755, 763 (9th Cir. 2014) ("mere legal conclusions 'are not entitled to the assumption of truth'") (quoting id.), cert. denied, 135 S. Ct. 980 (2015).

In general, civil rights complaints are interpreted liberally in order to give *pro se* plaintiffs "the benefit of any doubt." Byrd, 885 F.3d at 642 (citations and internal quotation marks omitted). Nonetheless, a *pro se* plaintiff must still follow the rules of procedure that govern all litigants in federal court, including the Rule 8 requirement that a complaint minimally state a short and plain statement of a claim that is plausible on its face. See Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) (per curiam) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") (citation omitted), cert. denied, 516 U.S. 838 (1995); see also Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 954 (9th Cir. 2011) (en banc) ("[A] liberal interpretation of a . . . civil rights complaint may not supply essential elements of [a] claim that were not initially pled.") (quoting Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992)) (quotation marks omitted; ellipses in original).

If a *pro se* complaint is dismissed because it does not state a claim, the court must freely grant "leave to amend" (that is, give the plaintiff a chance to file a new, corrected complaint) if it is "at all possible" that the plaintiff could fix the identified

pleading errors by alleging different or new facts. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1058 (9th Cir. 2011) (citation omitted); Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc) (citations and internal quotation marks omitted).

### B. Section 1983 Claims

To state a claim under Section 1983, a complaint essentially must allege that a defendant, while acting "under color of [] law," caused a deprivation of the plaintiff's constitutional rights. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 921 (9th Cir. 2011) (citation omitted), cert. denied, 565 U.S. 1116 (2012). There is no vicarious liability in Section 1983 lawsuits. Iqbal, 556 U.S. at 676 (citing, *inter alia*, Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 691 (1978)). Hence, a government official may not be held liable under Section 1983 unless the particular official's own actions caused the alleged constitutional deprivation. OSU Student Alliance v. Ray, 699 F.3d 1053, 1069 (9th Cir. 2012) (citing id.), cert. denied, 571 U.S. 819 (2013).

An individual government official "causes" a constitutional deprivation when he or she (1) "does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he [or she] is legally required to do that causes the deprivation"; or (2) "set[s] in motion a series of acts by others which the [defendant] knows or reasonably should know would cause others to inflict the constitutional injury." Lacey v. Maricopa County, 693 F.3d 896, 915 (9th Cir. 2012) (en banc) (quoting Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)) (quotation marks omitted).

An official-capacity suit against a government employee is treated as a suit against the employing government entity, not the individual defendant personally. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (official-capacity suits "generally represent only another way of pleading an action against an entity of

which an officer is an agent") (citation and internal quotation marks omitted); Center for Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff Department, 533 F.3d 780, 799 (9th Cir. 2008) ("An official capacity suit against a municipal officer is equivalent to a suit against the entity.") (citing id.), cert. denied, 555 U.S. 1098 (2009). A local government entity may be held liable under Section 1983 only when its *own* actions have caused a particular constitutional deprivation. See Connick v. Thompson, 563 U.S. 51, 60 (2011) (citation and quotation marks omitted); City of St. Louis v. Praprotnik, 485 U.S. 112, 121-22 (1988) (citations omitted). Thus, a plaintiff who seeks to hold a local government entity liable under Section 1983 – *i.e.*, who asserts a so-called "Monell" claim – must essentially demonstrate that (1) an employee or other official with the government entity violated the plaintiff's constitutional rights; (2) the official's actions were taken while implementing or executing the entity's "official" government policy; and (3) the entity's policy was the "moving force" behind the unconstitutional actions. See Monell, 436 U.S. at 690-91; Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citation and quotation marks omitted), cert. denied, 569 U.S. 904 (2013); see also Rodriguez v. County of Los Angeles, 891 F.3d 776, 802 (9th Cir. 2018) (9th Cir. 2018) (describing "three possible theories" of Section 1983 liability for local government entities) (citation omitted).

  **C. Eighth Amendment – Deliberate Indifference to Serious Medical Needs**

  Prison officials violate the Eighth Amendment when they respond with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 103-05 (1976) (citations and footnotes omitted). An inmate's medical need is sufficiently "serious" if, objectively, the failure to treat it "will result in significant injury or the unnecessary and wanton infliction of pain." Peralta v.

///

Dillard, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (citations and internal quotation marks omitted), cert. denied, 135 S. Ct. 946 (2015).

A prison official acts with deliberate indifference when the official is subjectively aware of an "excessive risk to inmate health" (*i.e.*, a serious medical need), and *purposefully* ignores or fails to take reasonable measures to abate the risk. Colwell v. Bannister, 763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted). A defendant's alleged indifference must be "substantial." Estelle, 429 U.S. at 105-06; Lemire v. California Department of Corrections and Rehabilitation, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted). A prison doctor's mistake, negligence, or malpractice does not establish deliberate indifference to serious medical needs. Estelle, 429 U.S. at 105-06.

## IV.  DISCUSSION

Here, the Complaint is deficient in at least the following respects:

First, the Complaint violates Rule 10 because, among other things, it does not (1) name both defendants in the caption; or (2) allege claims in sequentially "numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(a)-(b); see, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992).

Second, the Complaint fails plausibly to allege that plaintiff has been deprived of a constitutional right under Section 1983. More specifically, plaintiff fails to allege that his skin condition and need for phisoderm body wash are sufficiently serious to merit protection under the Eighth Amendment or that any government official – let alone one of the defendants – was deliberately indifferent to such condition/need. Indeed, plaintiff's allegations – at best – suggest that he has not been provided with the phisoderm body wash due to negligent record-keeping which purportedly reflects that he has been provided with such product even though

he says he has not. As noted above, mere negligence is insufficient to support a claim under Section 1983. See Estelle, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."); Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.") (citing id. at 106).

Third, the Complaint fails to state a viable Section 1983 Monell claim against the County and defendant Jarman (who is sued in his official capacity only). In short, plaintiff does not allege, let alone plausibly allege, that the County – or any County official – could be liable on a Section 1983 claim under any possible theory of government entity liability.

## V.  ORDERS

In light of the foregoing, IT IS HEREBY ORDERED:

1. The Complaint is dismissed with leave to amend. If plaintiff wishes to pursue this matter, he shall file a First Amended Complaint within fourteen (14) days of the date of this Order which cures the pleading defects set forth herein.[1] The Clerk is directed to provide plaintiff with a Central District of California Civil

---

[1] Any First Amended Complaint must: (a) be labeled "First Amended Complaint"; (b) be complete in and of itself and not refer in any manner to the original Complaint – i.e., it must include all claims on which plaintiff seeks to proceed (Local Rule 15-2); (c) contain a "short and plain" statement of the claim(s) for relief (Fed. R. Civ. P. 8(a)); (d) make each allegation "simple, concise and direct" (Fed. R. Civ. P. 8(d)(1)); (e) present allegations in sequentially numbered paragraphs, "each limited as far as practicable to a single set of circumstances" (Fed. R. Civ. P. 10(b)); (f) state each claim founded on a separate transaction or occurrence in a separate count as needed for clarity (Fed. R. Civ. P. 10(b)); (g) set forth clearly the sequence of events giving rise to the claim(s) for relief; (h) allege specifically what each defendant did and how that defendant's conduct specifically violated plaintiff's civil rights; (i) state the names of all defendants in the caption (Fed. R. Civ. P. 10(a)); and (j) not change the nature of this suit by adding new, unrelated claims or defendants, cf. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (civil rights plaintiff may not file "buckshot" complaints – i.e., a pleading that alleges unrelated violations against different defendants).

Rights Complaint Form, CV-66, to facilitate plaintiff's filing of a First Amended Complaint if he elects to proceed in that fashion.

2. In the event plaintiff elects not to proceed with this action, he shall sign and return the attached Notice of Dismissal by the foregoing deadline which will result in the voluntary dismissal of this action without prejudice.

3. **Plaintiff is cautioned that, absent further order of the Court, plaintiff's failure timely to file a First Amended Complaint or Notice of Dismissal, may be deemed plaintiff's admission that amendment is futile, and may result in the dismissal of this action with or without prejudice on the grounds set forth above, on the ground that amendment is futile, and/or for failure diligently to prosecute and/or failure to comply with the Court's Order.**

IT IS SO ORDERED.

DATED: July 17, 2018

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Attachments