UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MILTON DAVIS, JR., | Case No. EDCV 18-1325 JFW(JC) |
| Plaintiff, | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| v. | |
| COUNTY OF SAN BERNARDINO, et al., | |
| Defendants. | |

# I. BACKGROUND AND SUMMARY

On June 20, 2018, plaintiff Paul Milton Davis, Jr., a prisoner who is proceeding *pro se* and has been granted leave to proceed without prepayment of the filing fee, formally filed a Civil Rights Complaint ("Complaint" or "Comp.") pursuant to 42 U.S.C. § 1983 against the County of San Bernardino and Dr. Brian Jarman based upon the alleged failure of such defendants to provide plaintiff with phisoderm bodywash for a medical skin condition when he was housed at the West Valley Detention Center. (Comp. at 1-3, 5).

On July 17, 2018, this Court screened the Complaint pursuant to Title 28, United States Code sections 1915(e)(2)(B) and 1915A and Title 42, United States

| | |
|---|---|
| 1 | Code section 1997e(c), notified plaintiff of multiple deficiencies therein, dismissed |
| 2 | the Complaint with leave to amend and directed plaintiff, within fourteen (14) |
| 3 | days, to file a First Amended Complaint or a signed Notice of Dismissal ("July |
| 4 | Order"). The July Order further expressly cautioned plaintiff in bold-faced print |
| 5 | that the failure timely to file a First Amended Complaint or a Notice of Dismissal |
| 6 | may be deemed plaintiff's admission that amendment is futile and may result in the |
| 7 | dismissal of this action, with or without prejudice, on the grounds set forth in the |
| 8 | July Order, on the ground that amendment is futile, for failure diligently to |
| 9 | prosecute, and/or for failure to comply with the July Order. |
| 10 | On July 30, 2018, petitioner requested an extension of time to comply with |
| 11 | the July Order. On August 6, 2018, the Magistrate Judge granted such request and |
| 12 | extended plaintiff's deadline to comply with the July Order to August 30, 2018 |
| 13 | ("August Order"). The August Order again expressly cautioned plaintiff in bold- |
| 14 | faced print that the failure timely to file a First Amended Complaint or a Notice of |
| 15 | Dismissal may be deemed plaintiff's admission that amendment is futile and may |
| 16 | result in the dismissal of this action, with or without prejudice, on the grounds set |
| 17 | forth in the July Order, on the ground that amendment is futile, for failure |
| 18 | diligently to prosecute, and/or for failure to comply with the Court's Order. |
| 19 | Plaintiff's extended deadline to file a First Amended Complaint or a Notice |
| 20 | of Dismissal expired on August 30, 2018 – more than two weeks ago. To date, |
| 21 | plaintiff has failed to file a First Amended Complaint or a Notice of Dismissal. |
| 22 | Nor has plaintiff filed another extension request or otherwise communicated with |
| 23 | the Court since the issuance of the August Order. |

**II.   DISCUSSION**

Based upon the record and the applicable law, and as further discussed below, the Court dismisses this action due to plaintiff's failure to comply with Rule 10 of the Federal Rules of Civil Procedure, failure to state a claim

///

upon which relief can be granted, failure to comply with the July Order, and failure diligently to prosecute.

First, as explained in detail in the July Order, the Complaint (1) violated Rule 10 of the Federal Rules of Civil Procedure because, among other things, it did not name both defendants in the caption or allege claims in sequentially numbered paragraphs, each limited as far as practicable to a single set of circumstances; and (2) failed to state a viable claim against any defendant. The July Order explained in detail what plaintiff needed to do to cure the deficiencies in his pleading and granted plaintiff leave to file a First Amended Complaint to the extent he was able to cure the multiple identified pleading deficiencies. The July Order further cautioned plaintiff that the action may be dismissed if he failed timely to file a First Amended Complaint or a Notice of Dismissal. Since plaintiff failed to file a First Amended Complaint despite having been given an opportunity and an extension of time to do so, the Court can only conclude that plaintiff is simply unable or unwilling to draft a complaint that comports with Rule 10 and states a viable claim for relief and deems such failure an admission that amendment is futile. See, e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014); Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir.), as amended (May 22, 1992) (affirming dismissal of action based on failure to comply with court order that complaint be amended to name all defendants in caption as required by Rule 10(a)), cert. denied, 506 U.S. 915 (1992). Accordingly, dismissal of the instant action based upon plaintiff's failure to comply with Rule 10 and to state a claim is appropriate.

Second, dismissal is appropriate based upon plaintiff's failure to comply with the July Order and the failure diligently to prosecute. It is well-established that a district court may *sua sponte* dismiss an action where a plaintiff has failed to

comply with a court order and/or unreasonably failed to prosecute. See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik, 963 F.2d at 1260; see also Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b) proper sanction in cases where a plaintiff is notified of deficiencies in complaint and is given "the opportunity to amend [the complaint] or be dismissed" but the plaintiff "[does] *nothing*") (citations omitted; emphasis in original); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action "only for an unreasonable failure to prosecute") (citations omitted).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders). Dismissal is appropriate "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal." Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).[1] Here, as at least the first three factors strongly support dismissal, the Court finds that plaintiff's unreasonable failure to prosecute his case and failure to comply with the July Order by the extended deadline to do so warrant dismissal.

---

[1] Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively." Ferdik, 963 F.2d at 1261 (citation omitted). A district judge may not dismiss an action for failure to comply with a court order or for unreasonable failure to prosecute if the initial decision to dismiss a complaint was erroneous. Yourish v. California Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.). Here, as noted above, plaintiff was notified of the deficiencies in the Complaint and afforded the opportunity and an extension of time to amend effectively. Further, the July Order was not erroneous.

4

## III. ORDER

IT IS THEREFORE ORDERED that this action is dismissed and that the Clerk enter judgment accordingly.

DATED: September 18, 2018

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE